UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------
ALONZO A. VOELKER,

                              Petitioner,              9:06-CV-0046
                                                       (TJM)(DEP)

          v.

T. CRAIG, Warden, FCI Ray Brook,

                              Respondent.
-------------------------------------------------------------------------
APPEARANCES:

ALONZO VOELKER
Petitioner, pro se
04836-070

THOMAS J. McAVOY, SENIOR DISTRICT JUDGE

<u>**DECISION and ORDER**</u>

I.     **Background**

       Presently before the Court is a Petition for habeas corpus brought by Alonzo

Voelker ("Petitioner") pursuant to 28 U.S.C. § 2241.  Dkt. No. 1.  Petitioner has paid the

filing fee for this action.

       Petitioner, who is confined at the Federal Correctional Institution at Ray Brook, New

York, brings this action to challenge his April 15, 2000 conviction, upon a plea of guilty to

three counts of distribution of cocaine base and one count of conspiracy to distribute

cocaine base, and the sentence imposed thereon by the United States District Court for

the District of Rhode Island.  Dkt. No. 1.  Pursuant to a Plea Agreement, which is annexed

to the Petition, Petitioner was sentenced to 188 months incarceration.[1]

_____

       [1]In the Plea Agreement, Petitioner acknowledged that the maximum statutory
penalties for the offenses to which he was pleading included up to forty (40) years
imprisonment.  The Agreement further stated that the Court was free to impose any

 Petitioner's convictions and sentence were affirmed by the United States Court of

Appeals for the First Circuit.  Petitioner states that he filed a Motion pursuant to 28 U.S.C.

§ 2255 in the sentencing court that was denied.  See *Voelker v. United States,* 2003 WL

22423198 (D.R.I. Oct. 21, 2003)(Torres, C.J.).

 In his Petition, Petitioner claims that he is entitled to have his plea vacated, and to

be resentenced.  According to Petitioner, the sentencing court determined that his

sentence could properly be enhanced on the basis of facts which were not charged in the

indictment, admitted by the petitioner, nor found by a jury.  Relying on the recent decisions

of the United States Supreme Court in *Blakely v. Washington*, 542 U.S. 296 (2004),

*United States v. Booker*, 540 U.S. 220 (2005), and  *Shepard v. United States*, 544 U.S. 13

(2005), Petitioner alleges that he is entitled to "specific plea performance" and alleges that

he is actually innocent of the factors used to enhance his sentence.[2]  Dkt. No. 1.

**II.   Discussion**

 **A.   Section 2255 and Section 2241**

 A prisoner in custody under sentence of a federal court who wishes to collaterally

attack the validity of his conviction or sentence may file a motion in the sentencing court

pursuant to 28 U.S.C. § 2255.  *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d

132, 134 (2d Cir. 2004); *Chambers v. United States,* 106 F.3d 472, 474 (2d Cir. 1997).

---

sentence it deemed appropriate up to and including the statutory maximum.  Dkt. No. 1,
Exhibit 2.

 [2]Petitioner does not alleges that he is actually innocent of the charges to which he
entered a guilty plea, pursuant to the February 2000 Plea Agreement.  Rather, Petitioner
argues that he was innocent of having any leadership in the conspiracy and his alleged
employment of a minor, both factors Petitioner alleges were relied upon by the sentencing
court to enhance his sentence.

That right, however, is not unlimited.  Rather, § 2255 contains a gatekeeping provision that limits a Petitioner's ability to file a second or successive § 2255 Motion.  The statute provides, in pertinent part, that

> [a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

By contrast, a Petition pursuant to 28 U.S.C. § 2241 is the proper means to challenge the execution of a sentence.  *Adams*, 372 F.3d at 134; 28 U.S.C. § 2241.  Such a challenge is properly brought in the District where the Petitioner is incarcerated.  A federal prisoner may generally not seek relief from his conviction or sentence pursuant to a § 2241 petition.

## B.    Section 2255's Savings Clause

There is an exception to the bar against a federal prisoner using a § 2241 petition to collaterally attack a federal conviction.  Pursuant to the "savings clause" of § 2255, a federal prisoner may seek relief under § 2241 if he can show that his remedy under § 2255 is "inadequate or ineffective to test the validity of his detention."  28 U.S.C. § 2255; *see Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997).

The § 2255 "savings clause" was discussed at length by the Second Circuit in

*Triestman*.  The Circuit cautioned that the remedy provided by the savings clause is

narrow, and exists solely "to preserve habeas corpus for federal prisoners in those

extraordinary instances where justice demands it."  *Triestman*, 124 F.3d at 378 (citations

omitted).  This interpretation of § 2255's savings clause limits habeas relief to those

circumstances where § 2255's remedy is unavailable and the "failure to allow for collateral

review would raise serious constitutional questions."  *Triestman*, 124 F.3d at 377.[3]

Therefore, where a Petitioner claims that the § 2255 remedy is not available, and also

asserts a claim of actual innocence that can be proved upon the existing record and could

not have been asserted earlier, § 2255's savings clause allows for habeas review.  *See*

*Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003); *see also Cephas v. Nash*, 328 F.3d

98, 104 (2d Cir. 2003).[4]

---

[3]  Courts which have addressed this issue have concluded that § 2255's remedy is not inadequate or ineffective in most situations.  *See, e.g.*, *Love v. Menifee*, 333 F.3d 69, 73-74 (2d Cir. 2003) (§ 2255's remedy is not unavailable because the Supreme Court has not made a new rule of constitutional law retroactive to cases on collateral review); *Jiminian v. Nash*, 245 F.3d 144, 147-148 (2d Cir. 2001)(§ 2255 remedy is not inadequate or ineffective merely because the petitioner is unable to meet the gatekeeping requirement for permission to file a second or successive § 2255 motion); *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (§ 2255's remedy is not inadequate and ineffective simply because the petitioner allowed the one year statute of limitations to expire); *Triestman*, 124 F.3d at 376 (procedural barriers to filing a § 2255 motion, without more, do not establish inadequacy or ineffectiveness); *Williams v. United States*, 481 F.2d 339, 344 (2d Cir. 1973) (the § 2255 remedy is not inadequate or ineffective for purposes of the savings clause merely because the sentencing court denied the petitioner relief on the merits of the motion).

[4]  In *Cephas*, the Second Circuit reaffirmed its prediction in *Triestman* that "the types of cases raising such serious constitutional questions would be 'relatively few.'" *Cephas*, 328 F.3d at 104 (*citing Triestman*, 124 F.3d at 378).  The *Cephas* Court also stated that "to date we have recognized only one: cases involving prisoners who (1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claim[s] of innocence at an earlier time.'"  *Id.*(quoting *Triestman*, 124 F.3d at 363) (footnote omitted).

In a sentencing context, "to qualify for the 'actual innocence' exception, a petitioner must prove that 'but for the constitutional error, [petitioner] would not have been legally eligible for the sentence received." *Borrego v. Untied States,* 975 F. Supp. 520, 525 (S.D.N.Y. 1997) *citing Sawyer v. Whitley*, 505 U.S. 333, 348 (1992). In other words, Petitioner must allege and prove that a constitutional violation resulted in his sentence, demonstrate by clear and convincing evidence that he is innocent of the facts used to impose his sentence, and, prove that the sentence imposed exceeds the maximum permitted by statute. *Id.* However, Petitioner has set forth nothing to demonstrate that he is actually innocent of the acts which he claims were used to enhance his sentence, or that the sentence imposed exceeds the maximum permitted by application of the sentencing guideline to the offenses to which he plead guilty.[5] Thus, the Court finds that the § 2255 savings clause does not apply here and this Court lacks jurisdiction to entertain the § 2241 petition.

As noted above, Petitioner previously filed a § 2255 Motion in the United States District Court for the District of Rhode Island, which was denied.  Pursuant to § 2255, he

---

[5]Petitioner appears to base his constitutional violation on alleged violations of the holdings in *Shepard, Blakely,* and *Booker.*  However, Petitioner has not addressed the fact that in the Second Circuit, a number of Courts have already held that the *Booker* decision does not apply retroactively to cases that have reached final resolution. *Mincome v. United States*, 2005 WL 195383 (N.D.N.Y. 2005) (Munson, S.J). *See also  Green v. United States*, 2005 WL 237204 (2d Cir. 2005)*; Guzman v. United States*, *404 F.3d 139 (2d Cir. 2005); United States v. Reyes*, 2005 WL 427578 (S.D.N.Y. 2005).  The Second Circuit Court of Appeals has reached the same conclusion with respect to the retroactivity of the holding in *Blakely*.  See *Carmona v. United States*, 390 F.3d 200 (2d Cir. 2004). And, a number of Courts have held that *Shepard* does not apply retroactively.  *See Olivas-Gutierrez v. United States,* 2005 WL 1241871, *4 (W.D.TX. 2005); *Langley v. United States,* 2005 WL 1114710, *2 (M.D.N.C. 2005); *Morales v. United States*, 2005 WL 807051, *7 (D. Minn. 2005).

may not file a second or successive motion unless he first receives permission from the United States Court of Appeals for the First Circuit to do so. *See* 28 U.S.C. § 2255. Petitioner does not claim to have sought the necessary certification from the First Circuit, nor does he offer any explanation for his failure to seek such permission. Moreover, even if the First Circuit Court of Appeals was to certify a second or successive Motion, this Court would lack jurisdiction to entertain that Motion because a Petitioner must file it in the sentencing court. *See* 28 U.S.C. § 2255.

Accordingly, because this Court lacks jurisdiction in this matter the Court hereby dismisses Petitioner's Petition without prejudice.

## III.   Conclusion

Accordingly, for the reasons set forth above, it is hereby

ORDERED**,** that the Petition in this action is dismissed without prejudice, and it is further

ORDERED. that the Clerk serve a copy of this Decision and Order on Petitioner.

IT IS SO ORDERED.

Dated March 21,2006

Thomas J. McAvoy
Senior, U.S. District Judge

6